IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES BURT, an individual,

       Plaintiff,

   v.

CHRISTINE DENOYO, an individual,

       Defendant,

- and -

KEY TRADING LLC, a Delaware
limited liability company;
RAFAEL DENOYO, an individual;
DAVID SULLIVAN, an individual;
PETER LARKIN, an individual;

       Judgement Defendants.

Case No. 6:14-cv-1098-AA
OPINION AND ORDER

---

David C. Silver
Silver Law Group
11780 West Sample Road
Coral Springs, FL 33065

Page 1 - OPINION AND ORDER

Franklin J. Seibert
F.J. Seibert, LLC
1275 Oxford Street SE
Salem, OR 97302
    Attorneys for Plaintiff

Jeffrey A. Trautman
Fetherston Edmonds, LLP
960 Liberty Street SE, Suite 110
Salem, OR 97302
    Attorney for Defendant

AIKEN, Chief Judge:

    Pursuant to Fed. R. Civ. P. 15, plaintiff James Burt moves to amend his complaint against defendant Christine Denoyo, n/k/a Christine Jordan. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

    At all relevant times, Rafael Denoyo and David Sullivan owned and operated Key Trading, LLC ("Key"). In January 2005, Peter Larkin joined Denoyo and Sullivan as Key associates. In March 2005, Larkin introduced plaintiff to Denoyo and Sullivan. Between September 2005 and January 2006, plaintiff invested $2,000,000 with Key based on Denoyo's, Larkin's, and/or Sullivan's representations that Key would yield plaintiff "monthly returns [on his] investment." Compl. ¶ 15. Plaintiff never received any proceeds from Key. "In essence, [Key] stole the $2,000,000 from [plaintiff]

Page 2 - OPINION AND ORDER

with no intent of returning any funds to him." Id. at ¶ 18.

In September 2010, Key, Sullivan, Larkin, and Denoyo entered into a settlement agreement with plaintiff, agreeing to repay plaintiff $1,932,214. Key, Sullivan, Larkin, and Denoyo subsequently breached that agreement. As a result, in October 2012, plaintiff initiated a lawsuit in the United States District Court of the District of New Jersey ("the New Jersey Court") alleging fraud and breach of Contract. In October 2013, Key, Sullivan, Larking, and Denoyo negotiated a provisional settlement that was ultimately approved by the New Jersey Court. In June 2014, the New Jersey Court entered judgment in the principal amount of $1,800,000 against Key, Sullivan, Larkin, and Denoyo after they defaulted on the October 2013 settlement agreement.

On July 10, 2014, plaintiff filed a complaint in this Court against defendant, asserting violations of Or. Rev. Stat. § 95.230, Or. Rev. Stat. § 95.240, and Or. Rev. Stat. § 59.115. Specifically, plaintiff alleged: (1) Denoyo and/or Key transferred $57,705 to defendant between October 2007 and January 2012; (2) in 2007, Denoyo and/or Key provided $234,811 to Centurian Securities, LLC ("Centurian"), a company controlled by Denoyo; these amounts "were later directly disbursed" to defendant; (3) Denoyo and defendant used plaintiff's "stolen funds to live a lavish lifestyle in an affluent neighborhood and acquire at least six vehicles;" and (4) defendant "aided and abetted" Key, Denoyo, Sullivan, and Larkin "in

Page 3 - OPINION AND ORDER

their scheme to defraud Plaintiff." Compl. ¶¶ 36-40, 57, 63.

On August 8, 2014, this Court denied plaintiff's motion for preliminary injunction freezing defendant's assets during the pendency of this action, as well as authorizing expedited discovery and a full accounting.

In light of new information revealed through discovery, plaintiff moves for leave to file an amended complaint. Mot. and Mem. to File First Am. Compl. 2. In the proposed amended complaint ("PAC"), plaintiff seeks to reflect "new information which revealed money transactions nearly quadruple that which were originally known to Plaintiff." Id. In addition, plaintiff seeks to include allegations relating to $250,000 in wire transfers and checks from Key and other companies controlled by Rafael Denoyo that were funneled through defendant's account with her full knowledge and contrary to her earlier declaration to the Court. Id. Defendant has not filed any opposition to this motion.

## STANDARDS

Pursuant to Fed. R. Civ. P. 15, leave to amend proceedings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Fed. R. Civ. P. 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted under this rule, the court generally

considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). These factors are not weighted equally: prejudice or futility, alone, is sufficient to deny a motion to amend. Eminence, 316 F.3d at 1052; Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).

## DISCUSSION AND CONCLUSION

Due to the "extreme liberality" with which the Court evaluates motions for leave to amend under Fed. R. Civ. P. 15, and the fact that defendant has not filed an opposition, the Court finds no evidence of undue delay, bad faith, futility, or prejudice that warrants denial. Eminence, 316 F.3d at 1051.

For the reasons provided above, plaintiff's motion to amend (doc. 29) is GRANTED. An amended complaint should be filed with this court within ten (10) days of this Order.

IT IS SO ORDERED.

Dated this 14 day of April 2015.

_____
Ann Aiken
United States District Judge