Mr. Kevin W. Bons, OSB #066963
kbons@beckley-law.com
BECKLEY & BONS, P.C.
1257 High Street., Suite # 2
P.O. Box 11098
Eugene, OR 97440
Phone: 541-683-0888
Fax:    541-683-0889

Attorney for Defendant Christine deNoyo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE  DIVISION

| | |
|---|---|
| JAMES BURT, an individual, | ) |
| | ) Case No. 6:14-cv-01098-AA |
| Plaintiff, | ) |
| | ) RESPONSE TO PLAINTIFF'S MOTION |
| v. | ) AND MEMORANDUM FOR ENTRY OF |
| | ) DISCOVERY SANCTIONS AGAINST |
| CHRISTINE DENOYO, an individual, | ) DEFENDANT'S SPOLIAGE |
| | ) |
| Defendant, | ) REQUEST FOR ORAL ARGUMENT |
| | ) |
| and | ) |
| | ) |
| KEY TRADING LLC, a Delaware limited | ) |
| liability company; RAFAEL DENOYO, an | ) |
| individual; DAVID SULLIVAN, an | ) |
| individual; PETER LARKIN, an individual, | ) |
| | ) |
| Judgment Defendants. | ) |

## I.  RESPONSE

Plaintiff's Motion should be denied in its entirety.  Defendant Christine Jordan, fka

Christine DeNoyo ("Jordan") has met her obligations under the Federal Rules of Civil Procedure.

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS
AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 1

F:\CLIENTS\Jordan,
Christine\Pleadings\Response to Plaintiff's
Motion Re Spoliage Sanctions- 1 (10 DEC
15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

Jeffrey Trautman filed his response on December 29, 2015 which is hereby adopted and incorporated as if fully set forth herein. In support of Defendant's, Defendant submits the Declarations of Kevin W. Bons, Charles Faulk, Christine Jordan, and Rafael deNoyo.  Defendant requests oral arguments and an evidentiary hearing.

## II.  MEMORANDUM OBJECTING TO PLAINTIFF'S MOTION

### A.    LEGAL STANDARD

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F3d 776, 779 (2d Cir. 1999).  "Under its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon v. IDX Sys. Corp.*, 464 F3d 951, 961 (9th Cir. 2006) (citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F3d 644, 648 (9th Cir. 1997).  "Before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to *bad faith*.'" *Id.* (emphasis added)  "A party 'demonstrates *bad faith* by delaying or disrupting the litigation or hampering enforcement of a court order.'" *Id.* (emphasis added).  "The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained, and 'preserves a balance between protecting the court's integrity and encouraging meritorious arguments.'" *Id.*  "Additionally, the amount of monetary sanctions must be '"reasonable."' *Id.*

///

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 2

F:\CLIENTS\Jordan, Christine\Pleadings\Response to Plaintiff's Motion Re Spoliage Sanctions- 1 (10 DEC 15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

**B.    BACKGROUND**

Jordan divorced her husband, Rafael deNoyo ("deNoyo"), in June 2000.  (Jordan Declaration).  Pursuant to the Judgment of Dissolution in Marion County Case No. 99C-33635, deNoyo was ordered to pay Jordan $2,012 per month in child support, $1,000 per month in spousal support for eight (8) years, and to maintain medical and dental insurance for their minor children.

Following the divorce, Jordan allowed deNoyo to deposit monies into her checking account.  (Jordan Declaration).  Jordan was familiar with deNoyo's fiscal irresponsibility at the time of the divorce.  (Jordan Declaration).  Jordan's purpose for doing so was to facilitate the receipt of monies owed to her by deNoyo, pursuant to the Judgment of Dissolution in Marion County Case No. 99C-33635.  (Jordan Declaration).  This arrangement allowed Jordan to withdraw funds from the account equal to deNoyo's support obligations pursuant to the Judgment of Dissolution.

Jordan married her current husband, Jerry Jordan, in 2003.  The Jordans remain married to this day.

Plaintiff's allegations of misconduct all occur from 2005 forward.  *See* Amended Complaint.  Jordan had limited contact with her ex-husband, Mr. DeNoyo, from 2005 to present. (Jordan Declaration).  Jordan and deNoyo generally communicated regarding his support obligations and about the welfare of their children.  (*See* deNoyo Declaration Ex A).

Plaintiff has not produced any evidence that Jordan knowingly received any monies belonging to Plaintiff.  The evidence shows deNoyo made small deposits into Jordan's bank account to meet his support obligations pursuant to the Judgment of Dissolution.  The evidence also shows that occasionally, deNoyo made deposits larger than his support obligations.  The evidence then

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS
AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 3

F : \ C L I E N T S \ J o r d a n ,
Christine\Pleadings\Response to Plaintiff's
Motion Re Spoliage Sanctions- 1 (10 DEC
15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

shows that deNoyo, not Jordan, subsequently withdraw those excess funds.  Jordan had nothing to

do with those withdrawals or with deNoyo's activities from 2000 to present.  (Jordan Declaration).

**C.    ARGUMENT**

Plaintiff's Motion should be denied in its entirety.  Sanctions pursuant to Federal Rule

of Civil Procedure 37 is inappropriate because Defendant has not engaged in any discovery

violations.

Trautman's response details the allegations in Plaintiff's Motion for Sanctions.  We

both agree that the essence of Plaintiff's arguments are as follows:

1.    Defendant intentionally deleted her SoftHome account from 2012 to present,

2.    Defendant intentionally deleted approximately twelve (12) emails from her

GMail account, and

3.    Defendant intentionally wiped her iPad prior to the device inspections ordered

by the Court.

**SOFTHOME ACCOUNT**

Plaintiff is aware that Jordan did not use her SoftHome account from 2011 until

present.  (*See* Jordan Declaration); (*See* deNoyo Declaration Ex A, pg 16-18.)  Therefore, emails

deleted from 2012 to present are not relevant to this case.  Because these emails are not relevant, the

deletion of these emails cannot give rise to sanctions Plaintiff is requesting.  Thus, Plaintiff's Motion

should be denied in its entirety.

Plaintiff filed his initial Request for Production on December 18, 2014.  (Winkler

Declaration Ex 101).  In his request, Plaintiff requested Jordan:

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS
AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 4

F : \ C L I E N T S \ J o r d a n ,
Christine\Pleadings\Response to Plaintiff's
Motion Re Spoilage Sanctions- 1 (10 DEC
15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

Produce all correspondence with Rafael deNoyo from 2007 to the present date. Correspondence means communication by written mail, text message, email, Skype, Facebook messenger, encrypted internet chat, or any other means of communication.

(Bons Declaration Ex A, 8).  Jordan responded by producing 403 pages of discovery on or about January 16, 2015.  (Trautman Declaration Ex B, 1).  In her Response, Jordan produced eighteen (18) pages of emails which included a total of sixty-five (65) emails.  (*See* deNoyo Declaration Ex A).  Of the 65 emails, fifty-four (54) emails were to or from her CJJordan@Softhome.net account.  The remaining eleven (11) emails were to or from her GMail account which were annotated as "Christine Jordan" rather than "cjjordan@softhome.net".  As the records demonstrate, Jordan only used her SoftHome account from September 26, 2003, through October 4, 2011.  (deNoyo Declaration Ex A, 1-16); (Jordan Declaration); (deNoyo Declaration).  Jordan began using her GMail account on October 15, 2011.  (deNoyo Declaration Ex A, 16); (Jordan Declaration); (deNoyo Declaration). Jordan continued to exclusively use her GMail account from October 15, 2011, until present. (deNoyo Declaration Ex A, 16-18); (Jordan Declaration); (deNoyo Declaration).

Plaintiff has incorrectly stated that Jordan accessed her SoftHome account prior to depositions, and deleted her Softhome emails.  Jordan's deposition occurred on January 22, 2015. (*See* Seibert Declaration Ex 2).  The SoftHome report indicates that Jordan accessed and manipulated her SoftHome inbox on February 5, 2015.  Jordan admits to deleting spam emails from 2012 to present.  (Jordan Declaration).  There were, however, no emails to or from deNoyo or anyone else because Jordan had stopped using that account in 2011.  (deNoyo Declaration Ex A); (Jordan Declaration); (deNoyo Declaration).  Further, deNoyo acknowledges that he did not exchange any

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 5

F:\CLIENTS\Jordan, Christine\Pleadings\Response to Plaintiff's Motion Re Spoliage Sanctions- 1 (10 DEC 15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

communications with Defendant on her SoftHome account from 2011 until present.  (deNoyo Declaration).  Lastly, Plaintiff has not taken any steps to verify with deNoyo the veracity of Jordan's claims regarding her SoftHome account.  (deNoyo Declaration).

Because any emails deleted from Jordan's SoftHome account were received in 2012 or after and because Jordan did not communicate via her SoftHome account with deNoyo or anyone else from 2011 to present, sanctions for deleting spam emails from 2012 to present was not in bad faith.  Therefore, Plaintiff's Motion for Sanctions should be denied in its entirety.

**ACCIDENTAL DELETION OF EMAILS FROM GMAIL ACCOUNT**

Next, Plaintiff argues that Jordan's deletion of approximately twelve (12) emails from her GMail account was intentional and not accidental.  Therefore Plaintiff argues Jordan should be subject to the sanctions requested in Plaintiff's Motion.

Jordan admits that she accidentally deleted approximately twelve (12) emails from her GMail account.  (Jordan Declaration).  Those emails, however, were produced to Plaintiff after Jordan contacted her ex-husband, Mr. DeNoyo, and requested that he print and forward copies from his inbox.  (Jordan Declaration); (*See* deNoyo Declaration).  DeNoyo agreed to produce and did produce the emails which were forwarded to Plaintiff's counsel on or about January 14, 2015.  (Trautman Declaration); (*See* Jordan Declaration).  As previously stated, the emails produced to Plaintiff included eleven (11) emails to and from Jordan's GMail account.  Jordan asserts that those are the same eleven (11) emails that were accidently deleted by her.  (Jordan Declaration).

Federal Rules of Civil Procedure Rule 26 does not require a party to produce discovery in any particular format.  Jordan's production of discovery whereby the communications

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 6

F:\CLIENTS\Jordan, Christine\Pleadings\Response to Plaintiff's Motion Re Spoliage Sanctions- 1 (10 DEC 15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

requested came from deNoyo's inbox rather than from her sent email folder is of no consequence. Therefore, Plaintiff's Motion for Sanctions regarding this issue is unpersuasive and should therefore be denied.

### INSPECTION OF ELECTRONIC DEVICES

Finally, Plaintiff states "[d]efendant willfully wiped her devices." Plaintiff's Motion and Memorandum for Entry of Discovery Sanctions Against Defendant, 4. This is untrue. Mr. Faulk found, in his analytical findings, "numerous user-created entries, system artifacts, and email which date back several years which indicate the iPad had not been wiped." (Faulk Declaration). Further, Mr. Faulk found 17,700 emails in Defendant's inbox. (Faulk Declaration). Additionally, Mr. Faulk found that Jordan's iPad did not record any email logs which is consistent with Mr. Young's report ("Young's report") noting an absence of emails on Defendant's iPad. (Faulk Declaration). Therefore the evidence demonstrates, Jordan did not wipe her iPad as alleged.

Young's report does note Jordan's iPad only contained several days of internet history. (Young Declaration Ex B). Plaintiff, however, has never requested Jordan's internet history. Plaintiff has only requested communications between Jordan and deNoyo or between Jordan and other parties. (*See* Winkler Declaration Ex 101, 5 (Plaintiff requests all communications with Rafael DeNoyo)); (*See* Bons Declaration Ex A, 8-9 (Plaintiff argues he is trying obtain additional information to reveal the full extent of her written communications in his Motion to Compel)); (*See* Bons Declaration Ex B, 10-11 (Plaintiff argues that he is attempting to verify communications of the parties with Mr. deNoyo at the Motion to Compel Hearing)). Plaintiff did not raise the issue of Jordan's internet history until after the devices were inspected. (Bons Declaration). He now requests

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 7

F : \ C L I E N T S \ J o r d a n , Christine\Pleadings\Response to Plaintiff's Motion Re Spoliage Sanctions- 1 (10 DEC 15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

sanctions against Jordan and counsel because she failed to preserve her internet history that was never requested by Plaintiff.

Further, Jordan's internet history is not relevant. Her internet history is not relevant to any issue in this case and therefore is non discoverable pursuant to FRCP 26(b)(1). Plaintiff sought the inspection of the Jordan's devices to determine whether she intentionally deleted communications with deNoyo or others. Her internet history will not answer that question. It is therefore irrelevant.

Jordan did not intentionally delete her internet history. (Jordan Declaration). Jordan shares her devices with her husband and grandchildren. (Jordan Declaration). Mr. Faulk consulted with Megan with Apple Telephone Technical Support on December 8, 2015 and learned that internet history is deleted if an iCloud account is created and shared. (Faulk Declaration). Further, if internet history is deleted from any device sharing an iCloud account then it is deleted from all devices sharing that account. (Faulk Declaration).

Because Jordan did not intentionally delete her internet history and because it is not relevant, Plaintiff's Motion for Sanctions should be denied in its entirety.

**ADDITIONAL ISSUES**

First, plaintiff misstates the law in his Motion. Plaintiff cites LR 26(2)(C). Motion for Sanctions, 12. Plaintiff cites the rule as requiring counsel to issue "litigation hold notices." Of course, there is no such duty in either the current local rule or its predecessor which was in place when the parties conferred as required by FRCP 26. The rule in place on September 12, 2014 when the rule 26 conference occurred is silent regarding ESI (electronically stored information). The rule

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 8

F:\CLIENTS\Jordan, Christine\Pleadings\Response to Plaintiff's Motion Re Spoliage Sanctions- 1 (10 DEC 15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

changed May 1, 2015 to require "[t]he parties must confer and be prepared to discuss" ... preservation

of electronically stored information.  LR 26(2)(C).  Therefore, neither Mr. Trautman or Mr. Bons

was required send litigation hold notices under either rule.  Under the current rule, the parties would

be required to confer and be prepared to discuss preservation of ESI but are not required to do

anything further except for what was agreed to in the rule 26 conference.

       The parties did not agree to the issuance of litigation hold notices.  (Trautman

Declaration); (*see also* Trautman Declaration Ex A).  Further, the plaintiff's counsel did not request

any litigation hold notices.  (Trautman Declaration).

       Second, plaintiff's request for monetary sanctions is unreasonable.  Plaintiff requests

$217,422.00 in attorney fees as a sanction in his Motion against counsel and Jordan.  Mr. Seibert

requests a rate of $450 per hour as a 6 year attorney.  This rate would place Mr. Seibert at the ninety-

five (95) percentile for attorneys with thirty (30) years or more experience in Oregon.  Likewise, Mr.

Silver requests a rate of $495 per hour.  Both rates are unsupportable by their experience and the

rates generally given in Oregon.  The requested amount is also unreasonable.

///

///

///

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS
AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 9

F:\CLIENTS\Jordan,
Christine\Pleadings\Response to Plaintiff's
Motion Re Spoliage Sanctions- 1 (10 DEC
15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

**D.      CONCLUSION**

Because plaintiff has not met his burden that Jordan, Bons, or Trautman have engaged

in conduct amounting to bad faith, plaintiff's Motion should be denied in its entirety.

DATED this 5th day of January, 2016.

BECKLEY & BONS, P.C.


    /s/ Kevin W. Bons
Kevin W. Bons, OSB No. 066963
1257 High Street, Suite 2
Eugene, OR  97401
Telephone: 541-683-0888
Fax: 541-683-0889
kbons@beckley-law.com
Attorney for Defendant Christine deNoyo

RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS
AGAINST DEFENDANT'S SPOLIAGE AND UNOPPOSED MOTION FOR LATE FILING- Page 10

F : \ C L I E N T S \ J o r d a n ,
Christine\Pleadings\Response to Plaintiff's
Motion Re Spoliage Sanctions- 1 (10 DEC
15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

## CERTIFICATE OF SERVICE

I, KEVIN W. BONS, hereby certify that I am the attorney for Defendant Christine deNoyo, and that I caused to be served the foregoing RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE on the 5th day of January, 2016 on the attorneys for Plaintiff listed below by the electronic filing of this RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM FOR ENTRY OF DISCOVERY SANCTIONS AGAINST DEFENDANT'S SPOLIAGE.

> Franklin Jason Seibert
> FJ SEIBERT, LLC - A LAW OFFICE
> P.O. Box 4441
> Salem, OR  97302
> jason@seibert-law.com
>
> David C. Silver
> SILVER LAW GROUP
> 11780 West Sample Road
> Coral Springs, FL  33065
> dsiler@silverlaw.com

BECKLEY & BONS, P.C.


By:   /s/ Kevin W. Bons
Kevin W. Bons, OSB # 066963
Attorney for Defendant Christine deNoyo

CERTIFICATE OF SERVICE
F:\CLIENTS\Jordan, Christine\Pleadings\Response to Plaintiff's Motion Re Spoliage Sanctions- 1 (10 DEC 15).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
1257 HIGH STREET - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com