Mr. Kevin W. Bons, OSB #066963
kbons@beckley-law.com
BECKLEY & BONS, P.C.
66 Club Road, Suite 360
P.O. Box 11098
Eugene, OR 97440
Phone: 541-683-0888
Fax:    541-683-0889

Attorney for Defendant Christine DeNoyo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE  DIVISION

| | |
|---|---|
| JAMES BURT, an individual, | ) |
| | ) Case No. 6:14-cv-01098-AA |
| Plaintiff, | ) |
| | ) MEMORANDUM OF LAW IN SUPPORT |
| v. | ) OF MOTION FOR AN AWARD OF |
| | ) ATTORNEY FEES |
| CHRISTINE DENOYO, an individual, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| KEY TRADING LLC, a Delaware limited | ) |
| liability company; RAFAEL DENOYO, an | ) |
| individual; DAVID SULLIVAN, an | ) |
| individual; PETER LARKIN, an individual, | ) |
| | ) |
| Judgment Defendants. | ) |

## 1.    STATUTE OR RULE GOVERNING ATTORNEY FEES.

Plaintiff filed suit alleging violations of ORS 59.115 - Oregon Securities Fraud.  Defendant

has moved the Court for an award of attorney fees when she answered the ORS 59.115 allegations.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES  -  Page 1

F:\CLIENTS\Jordan,
Christine\Cost
Bill\Filed\Memorandum of
Law in Support of Motion for
Attorney Fees (22 DEC
16).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
66 CLUB ROAD, SUITE 360 - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

Defendant is entitled to an award of attorney fees pursuant to ORS 59.115(10).  ORS 59.115(10) states "... the court may award reasonable attorney fees to the prevailing party in an action under this section."

The Parties conferred on December 17, 2016 and were unable to settle the attorney fees issue.

## 2.    PROCEDURAL HISTORY.

Plaintiff filed a Complaint on July 10, 2014 requesting damages for securities fraud, aiding and abetting securities fraud, and for equitable relief pursuant to ORS 59.115 and 95.240.  Pursuant to the filing of the Complaint, Plaintiff filed an Emergency Motion for Order to Show Cause arguing for preliminary injunction and other equitable relief.  On August 31, 2014, the Court denied the Motion and other equitable relief.  Discovery began shortly thereafter.  On April 20, 2015, Plaintiff filed his First Amended Complaint arguing for the additional claims for relief of damages under the Civil RICO Act pursuant to 18 USC § 1962(c) and (d), and common law conversion.  On April 24, 2015, Plaintiff filed a Motion to Compel Discovery that was granted in part.  On July 9, 2015, Defendant substituted attorneys.  On July 24, 2015, Plaintiff filed a Motion for Imposition of Sanctions-Spoilation.  On December 11, 2015, the Court assigned Judge Coffin as Special Master.  On February 10, 2016, Plaintiff's Motion for Imposition of Sanctions-Spoilation was denied.  On October 3, 2016, Defendant filed a Motion for Summary Judgment on all counts.  On December 12, 2016, the Court granted Summary Judgment in favor of Defendant on all counts and dismissed the case.

///

///

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES  -  Page 2

F:\CLIENTS\Jordan,
Christine\Cost
Bill\Filed\Memorandum of
Law in Support of Motion for
Attorney Fees (22 DEC
16).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
66 CLUB ROAD, SUITE 360 - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

### 3.    BACKGROUND.

On June, 29, 2000, Defendant divorced her then-husband Rafael deNoyo. According to the terms of the divorce, Rafael deNoyo was to pay Defendant $2,012 per month in child support and $1,000 per month in spousal support. On June 1, 2003, Defendant remarried.

Between September 2005 and January 2006, Plaintiff invested two million dollars with Judgment Defendants. Judgment Defendants told Plaintiff that they had developed a proprietary leveraged trading system that would yield monthly returns on his investment. Plaintiff never received any profits from this scheme and in essence Judgment Defendants stole $2,000,000 from Plaintiff with not intent of returning it to him.

After the divorce, Defendant maintained a joint bank account with her ex-husband. Defendant stated that she maintained the joint account in order to easily collect the child support and spousal support owed to her. The arrangement was that Rafael deNoyo would deposit money into the joint account, and Defendant would withdraw it for herself as dictated in the divorce agreement. Plaintiff disputed that version of events. Plaintiff alleged that between October 2007 and January 2012, Key Trading paid Defendant $180,605 through a combination of wire transfers and checks sent through the United States mail. Some of those checks included the word "salary" on the memo line. Over the same time period, Rafael deNoyo had an obligation to pay Plaintiff $186,744 in child and spousal support.

Plaintiff and Judgment Defendants reached a settlement agreement in September 2010. After Judgment Defendants breached that agreement, Plaintiff sued in the United Stated District Court for the District of New Jersey, alleging fraud and breach of contract. In October 2013. Plaintiff and

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES  -  Page 3

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
66 CLUB ROAD, SUITE 360 - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

Judgment Defendants reached a new settlement agreement. Judgment Defendants defaulted on their payments under the second settlement agreement in October 2013. In June 2014, the District of New Jersey entered judgment in the amount of $1.8 million dollars against Judgment Defendants.

Plaintiff then sued Defendant, claiming she aided and abetted Judgment Defendants' scheme and used money stolen from Plaintiff to "live a lavish lifestyle." Defendant argued that she is entitled to Summary Judgment because Plaintiff has no evidence to support any of his claims beyond "conclusory statements and innuendo." Plaintiff responded that Summary Judgment was not appropriate because Plaintiff did not properly observe local rules regarding dispositive motions, supported her Motion with Declarations that did not meet the requirements of FRCP 56, relied on inadmissible hearsay to support her Motion, and failed to show Plaintiff cannot succeed on his claims for fraudulent conveyance, securities fraud, civil RICO violations, and conversion. The Court found for Defendant and granted her Summary Judgment.

### 4.    HOURLY RATES ARE REASONABLE.

Jeffrey Trautman's rate of **$250.00** per hour is reasonable. Kevin Bons' rate of **$300.00** per hour is reasonable. Therefore, the court should base Defendant's attorney fee award based on these rates. Kevin Bons' Invoice for work on this case is included as Exhibit "1" to his declaration. Jeffrey Trautman's Invoice for work on this case is included as Exhibit "2" to Kevin Bons' declaration.

Defendant's attorneys seek reasonable rates. As LR 54-3 indicates, the Court uses the most recent Oregon State Economic Survey as its initial bench mark to determine reasonable hourly rates. The Survey indicates the attorney hourly rates from $225 to $314 per hour with an average rate of $244 per hour and a median rate of $225 per hour in 2012 for attorneys with 10-12 years of practice

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES  -  Page 4

F:\CLIENTS\Jordan,
Christine\Cost
Bill\Filed\Memorandum of
Law in Support of Motion for
Attorney Fees (22 DEC
16).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
66 CLUB ROAD, SUITE 360 - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

in the lower valley.  The rate should be adjusted upward to account for the increase in the cost of living since 2012.  The Ninth Circuit calls this adjustment rate the "lodestar" and had approved it as "proper."  *US v. Real Property Known As 22249 Dolorosa Street*, 190 F.3d 977, 984-85 (9th Cir. 1999).  Therefore, those rates move upwards to a range of $253 to $353 per hour with an average of $275 per hour and a median of $253 per hour.  Thus, the requested rates of $250 per hour for Mr. Trautman and the $300 per hour for Mr. Bons is reasonable as they both have ten to twelve years experience practicing law.

The reasonableness of Plaintiff's attorneys hourly rates is further demonstrated when compared to the hourly rates of Plaintiff's attorneys.  Mr. Seibert indicated to the Court that his billing rate was $450 per hour with a 2009 bar number and Mr. Silver's hourly rate was $495 per hour.  *See* Exhibit "3" to Kevin W. Bons' Declaration.

### 5.    HOURS BILLED.

The **277.4** hours spent by Defendant's attorneys is reasonable.  The hours spent is reasonable because of the complexity of the case and the issues involved.  Defendant's claims and defenses were reasonable.  An award of attorney fees will not deter others from asserting good faith claims of violations of Oregon's Security laws.  An award of attorney fees, however, may deter unmeritorious claims of the same.  A Dismissal on Summary Judgment shows the relative merits of Plaintiff's claims for relief and Defendant's defense thereof.

Defendant's reasonableness is further evidenced by the number of hours Plaintiff spent on this case.  Plaintiff's counsel indicated that they spent a combined 427.9 hours from the Motion to Compel (April 24, 2015) to the filing of the Motion for Sanctions-Spoilage (November 24, 2015).

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES  -  Page 5

F:\CLIENTS\Jordan,
Christine\Cost
Bill\Filed\Memorandum of
Law in Support of Motion for
Attorney Fees (22 DEC
16).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
66 CLUB ROAD, SUITE 360 - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

*See* Exhibit "3" to Kevin W. Bons' Declaration.  Plaintiff's diligence in pursuing his claims by filing numerous Motions and legal communications required equal diligence by Defendant.

### 6.    PARTIES ENTITLED TO AN AWARD OF ATTORNEY FEES.

Pursuant to ORS 20.077, 20.190 and 59.115(10) the prevailing party may request attorney fees.  Summary Judgment was granted to Defendant on all matters herein, therefore, Defendant prevailed.  The amount of fees requested by Defendant is reasonable.  Defendant is requesting an award of **$80,892.00** for attorney fees.  As set forth in this Memorandum, the amount requested by Defendant is reasonable and supported by the record in this action.

### 7.    CONCLUSION.

For the aforementioned reasons, Defendant's request for attorney's fees should be granted in its entirety.

DATED this 27th day of December, 2016.

BECKLEY & BONS, P.C.


By:  /s/ Kevin W. Bons
    Kevin W. Bons, OSB No. 066963
    Attorney for Defendant Christine Jordan


MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES  -  Page 6

F:\CLIENTS\Jordan, Christine\Cost Bill\Filed\Memorandum of Law in Support of Motion for Attorney Fees (22 DEC 16).frm

BECKLEY & BONS, P.C.
ATTORNEYS AT LAW
66 CLUB ROAD, SUITE 360 - P.O. BOX 11098  EUGENE, OR 97440-3298
541-683-0888 - FAX 541-683-0889
www.beckley-law.com

## CERTIFICATE OF SERVICE

I, KEVIN W. BONS, hereby certify that I am the attorney for Defendant Christine DeNoyo, and that I caused to be served the foregoing MOTION FOR AN AWARD OF ATTORNEY FEES, DECLARATION OF KEVIN W. BONS, DECLARATION OF KELLY R. BECKLEY, DECLARATION OF LOUIS L. KURTZ, and MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY FEES on the 27th day of December, 2016 on the attorneys for Plaintiff listed below by the electronic filing.

Franklin Jason Siebert
FJ SEIBERT, LLC - A LAW OFFICE
P.O. Box 4441
Salem, OR  97302
jason@seibert-law.com

David C. Silver
SILVER LAW GROUP
11780 West Sample Road
Coral Springs, FL  33065
dsiler@silverlaw.com

BECKLEY & BONS, P.C.

By:   /s/ Kevin W. Bons
Kevin W. Bons, OSB No. 066963
Attorney for Defendant Christine Jordan

CERTIFICATE OF SERVICE

F:\CLIENTS\Jordan,
Christine\Cost
Bill\Filed\Memorandum of Law
in Support of Motion for
Attorney Fees (22 DEC 16).frm